# United States Court of Appeals
# for the Federal Circuit

---

**IN RE: BOLORO GLOBAL LIMITED,**
*Appellant*

---

2019-2349, -2351, -2353

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. 14/222,613, 14/222,615, and 14/222,616.

---

**ON MOTION**

---

MICHAEL RAYMOND CASEY, Oblon, McClelland, Maier and Neustadt, LLP, Alexandria, VA, for appellant. Also represented by JAMES LOVE; CARLOS RAFAEL VILLAMAR, The Villamar Firm PLLC, Falls Church, VA.

ROBERT J. MCMANUS, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Andrei Iancu. Also represented by THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED, MOLLY R. SILFEN, NICHOLAS THEODORE MATICH, IV, DANIEL KAZHDAN; COURTNEY DIXON, SCOTT R. MCINTOSH, MELISSA N. PATTERSON, JOSEPH H. HUNT, Appellate Staff, Civil Division, United States Department of Justice, Washington, DC.

---

Before LOURIE, DYK, and REYNA, *Circuit Judges*.

DYK, *Circuit Judge*.

## O R D E R

Boloro Global Limited moves to vacate and remand the underlying decisions of the Patent Trial and Appeal Board in these appeals from the Board's decisions in *ex parte* appeals, affirming the examiner's rejection of claims in Boloro's patent applications. The Director of the United States Patent and Trademark Office opposes the motion. Both parties have filed supplemental briefing in support of their respective positions.

The Director acknowledges that, under the reasoning of this court's decisions in *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019), and *VirnetX Inc. v. Cisco Sys., Inc.*, No. 2019-1671, 2020 WL 2462797 (Fed. Cir. May 13, 2020), the administrative patent judges (APJs) were not constitutionally appointed at the time the Board's final decision on appeal was issued. *See* Director's 2d Suppl. Resp. at 3–4 (conceding that it follows under the reasoning of the Supreme Court's decision in *Freytag v. Comm'r*, 501 U.S. 868, 882 (1991), as understood in *VirnetX*, that "APJs were principal officers for purposes of all governmental functions of their office"); *see also id.* at 4 (conceding that, even if the Director could refuse to issue a patent if the Board approves an application, that would not render an APJ an inferior officer).

In both *Arthrex* and *VirnetX*, this court held that the appropriate remedy for such a constitutional violation was to vacate the Board's decision and to remand for the purpose of reassigning the matter to a different panel of APJs for a new hearing and decision. *Arthrex*, 941 F.3d at 1338–39; *VirnetX Inc. v. Cisco Sys., Inc.*, No. 2019-1671, slip op. at 2 (Fed. Cir. Jan. 24, 2020). The Director urges that the same remedy should not be extended to *ex parte* proceedings because, according to the Director, he possesses

"complete control over the initial examination" and could at any time prior to the Board proceedings have directed the issuance of Boloro's patents but did not, consistent with the Board's subsequent decisions. But the Director having conceded that the APJ's appointments were unconstitutional, we see no principled reason to depart here from the resulting remedy applied in *Arthrex* and *VirnetX*.

Accordingly,

IT IS ORDERED THAT:

(1) Boloro's motion to vacate and remand is granted. The Patent Trial and Appeal Board's decision is vacated, and the case is remanded to the Board for proceedings consistent with this court's decision in *Arthrex*.

(2) Each side shall bear its own costs.

FOR THE COURT

July 7, 2020                          /s/ Peter R. Marksteiner
    Date                              Peter R. Marksteiner
                                      Clerk of Court